PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SABÁS PABÓN, Defendant and Appellant.

No. 2887. Argued November 9, 1926.—Decided December 22, 1926.

*Agustín E. Font* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court. The appellant in this case assigns the following errors:

"1.—The court erred in overruling the defendant's motion to quash the information because it was signed by Francisco R. Flores who has no authority under the law to sign an information in the name of The People of Porto Rico for the reason that he is not a public prosecutor duly qualified to act in that capacity.

"2.—The district court erred in overruling the defendant's motion to dismiss the case because the charge had not been investigated by a grand jury.

"3.—The district court erred in overruling the demurrer to the

information on the ground that the averments did not prove the crime charged.''

The information in this case was signed by Francisco R. Flores as acting district attorney and the appellant, in arguing the first assignment of error, contends that he is not authorized as municipal prosecuting attorney at large, in which capacity he appears to be acting, to perform the functions and duties of a district attorney; and still less can the Attorney General delegate to him such functions and duties.

When the defendant was arraigned he pleaded not guilty, without raising the question referred to in this assignment. He did not raise that question until the case was called for trial, and then it was too late. The case of *People* v. *Aponte,* 9 P.R.R. 345, not only decides this point technically, but goes into the merits thereof as follows:

''It becomes evident that the Attorney General not only has the same powers as the *fiscal* of any district, but that he may delegate that power to any special agent, for he alone is the judge of the necessity for appointing special counsel.

\* \* \* \* \* \* \*

''The Attorney General must necessarily have the power to be represented by other persons, unless there is 'some absolute exclusion in the law, which we do not find.''

See also the cases of *People* v. *Rivera,* 9 P.R.R 455; *People* v. *Meléndez,* 9 P.R.R. 494, and *People* v. *Paris,* 25 P.R.R. 103.

As a ground for the second assignment of error the appellant substantially contends that although the Grand Jury Act of June 18, 1919, radically changed and transformed the procedure in the filing of informations by the district attorneys, the amendment made thereto by the Act of August 28, 1925, did not re-establish that system and that now the district attorneys have no authority to prosecute in the same manner as they did prior to the enactment of the Grand Jury Act.

This argument is based on the false premise that the Grand Jury Act repealed the provisions of the Code of Criminal Procedure regulating the procedure to be followed by district attorneys in bringing charges directly before the courts. In accordance with section 21 of the Grand Jury Act, district attorneys shall present to the grand jury all charges for offenses cognizable by them, in the form of indictments, producing all the evidence in regard thereto. This was a sort of procedure which, though it could not be interpreted as an information directly filed in the court, did not mean the express repealing of the latter procedure, and the best proof that such was not the intention of our Legislature is to be found in the said Act No. 98 of 1925 which amended section 1 of the Grand Jury Act as follows:

"Section 1.—Any felony charged against a public officer by reason of acts done by him in the performance of his duties, shall be prosecuted by indictment of the Grand Jury filed in the court having jurisdiction in the case.

"All other crimes shall be prosecuted as determined by the Code of Criminal Procedure."

So that except in cases of the offenses expressly mentioned and committed by public officers, the procedure for the filing of informations by the district attorneys continues to be the same as that prescribed by the Code of Criminal Procedure.

The third assignment seems to attack the sufficiency of the information, which reads in part as follows:

"Said Sabás Pabón, prior to the filing of this information, or on December 16, 1925, and within the municipal district of Juana Díaz which is a part of the judicial district of Ponce, unlawfully using a revolver loaded with lead bullets and while shooting with it wounded Eliseo Rodríguez in the left superciliary region causing his death after a few moments."

Section 203 of the Penal Code reads as follows:

"Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

"1.—Voluntary—upon a sudden quarrel or heat of passion.

"2.—Involuntary—in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might· produce death, in an unlawful manner, or without due caution and circumspection."

The information might have been more explicit, but it contains the elements constituting the crime of involuntary manslaughter. Substantially the information charges an illegal act such as shooting with a revolver, which is not a felony and which as a consequence thereof caused the death of Eliseo Rodríguez.

For the above reasons the judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.